U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUN 2 2 2007

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### ALEXANDRIA DIVISION

| | |
|---|---|
| MILLER SCOTT WILTON | DOCKET NO. 07-CV-0361 |
| VERSUS | JUDGE DRELL |
| LOUISIANA DEPARTMENT OF CORRECTIONS | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the court is the pro se civil rights complaint (42 U.S.C. § 1983) of Miller Scott Wilton, filed on February 26, 2007. Wilton is an inmate in the custody of the Louisiana Department of Safety and Corrections, and he is currently incarcerated at the East Feliciana Parish Prison in Clinton, Louisiana. At the time of filing suit, Wilton was being housed at LaSalle Correctional Center in Olla, Louisiana. Plaintiff named the Louisiana Department of Corrections as the sole defendant in this suit. He claims that his sentence was improperly calculated and asks that his release date be adjusted to November 21, 2008.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

### Statement of the Case

According to Wilton's complaint, he was arrested on March 10, 2005 for forgery, and on March 11, 2005, he was arrested for theft over five hundred dollars. He remained incarcerated until he "made bail on March 21, 2006. Plaintiff was sentenced on October 2, 2006 to serve seven years for the forgery and theft charges, and he states that the judge gave him credit for time served. [Doc. #1-1, p. 4-5.] Plaintiff was also sentenced to ten months and twenty-one days for parole violation,

to run consecutive to the seven year sentence. Plaintiff claims that, after factoring in his "time served" and good time credits, his release date should be November 21, 2008.

## Law and Analysis

Petitioner filed the instant civil rights action seeking an earlier release from custody. **Such relief is not available by way of a civil rights action.** See Carson v. Johnson, 112 F.3d 818, 820 (5th Cir.1997). A §1983 action is appropriate for recovering damages resulting from illegal administrative procedures; however, a *habeas* action is the appropriate federal remedy for a state prisoner challenging the fact or duration of his confinement. See Cook v. Texas Dept. of Criminal Justice Planning Dept., 37 F.3d 166, 168 (5th Cir.1994). However, Plaintiff should note that, with regard to *habeas corpus*, a state prisoner must exhaust available state court remedies as to each and every ground upon which he claims entitlement to *habeas corpus* relief. See Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir.1987), *cert. denied*, 484 U.S. 956 (1987); Rose v. Lundy, 455 U.S. 509 (1982).

Generally, the habeas exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir.1988). That is, **the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant *before* those claims are heard in federal court.** Picard v. Connor, 404 U.S. 270, 275 (1971). Plaintiff should also note that a federal habeas petition that contains unexhausted claims must be dismissed in its entirety. Thomas v. Collins, 919 F.2d 333, 334 (5th Cir.1990); Bautista v. McCotter, 793 F.2d 109, 110 (5th Cir.1986).

Specifically, **the proper procedure in Louisiana for challenging the computation of a

sentence is as follows:

(1) The challenge to the computation of a sentence must first be brought through the Department's administrative grievance process. La. R.S. 15:1176.

(2) Then, if the administrative remedies procedure is unsuccessful, the inmate can seek judicial review in the Nineteenth Judicial District Court, East Baton Rouge Parish. See La. R.S. 15:1177 and R.S. 15:571.15.[1]

(3) If unsuccessful at the district court level, the inmate can appeal the decision of the Nineteenth Judicial District Court to the "appropriate court of appeal," which would be the Louisiana First Circuit Court of Appeal. See La. R.S. 15:1177A(10) and R.S.13:312(1).

(4) Should Petitioner's appeal be unsuccessful, Louisiana law allows him to seek supervisory review in the Louisiana Supreme Court. La.Code Civ. P. art. 2201; La.Code Crim. P. art. 922.

In sum, a habeas petition is the proper vehicle for challenging the fact or duration of incarceration. However, Plaintiff should ensure that the forgoing steps have been accomplished *before* filing such habeas corpus petition in the appropriate federal court.

For the forgoing reasons,

**IT IS RECOMMENDED** that Plaintiff's §1983 complaint be **DENIED AND DISMISSED** as frivolous and failing to state a claim for which relief can be granted. Plaintiff should refer to the

---

[1] **La. R.S.15:571.15** provides, "Venue in any action in which an individual committed to the Department of Public Safety and Corrections contests the computation of his sentence or sentences, discharge, good time dates, or any action concerning parole shall be in the parish of East Baton Rouge..."

information presented herein regarding proper procedure for challenging the fact or duration of his confinement.

Under the provisions of 28 U.S.C. Section 636(b)(1)(c) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this 21st day of June, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE